UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 26-cr-20090-BLOOM

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

YURI ANTONIO MEDINA, and
GIANKY NUNEZ,

        Defendants.

_____/

## DEFENDANTS' UNOPPOSED JOINT MOTION TO CONTINUE THE CALENDAR CALL OF AUGUST 4, 2026, AND THE TRIAL DATE OF AUGUST 10, 2026

COMES NOW, Defendants, YURI ANTONIO MEDINA, and GIANKY NUNEZ, by and through their undersigned counsel, and hereby moves this Honorable Court for an Order rescheduling the Calendar Call scheduled for August 4, 2026, at 1:30 p.m., and Trial scheduled for August 10, 2026, and states as follows:

1. On March 18, 2026, the Defendants were charged in an Indictment alleging:

    **Count I**. Conspiracy to Distribute Cocaine, (21 U.S.C. §963 and 960 (b)(1)(B)), **Count II:** Conspiracy to Import Cocaine into the United States, (21 U.S.C. §960 (b)(1)(B), and **Count III**: Conspiracy to Possess with Intent to Distribute Cocaine with Persons Onboard a Vessel Subject to the Jurisdiction of the U.S. (46 U.S.C. §70506(B).

2. This case is scheduled for a calendar call on August 4, 2026, at 1:30 p.m. and for trial beginning on August 10, 2026.

3. The Government provided their initial discovery response to counsel on or about May 7, 2026.

4. Undersigned counsel anticipates the Government providing additional discovery in this matter.

5. The Indictment also charges two additional defendants, Menaldo Vazquez and Balmes Arias Rodriguez, who have not yet been arraigned because they remain in the Dominican Republic and have not been transported to the United States to answer the charges pending against them. Their absence necessarily affects the posture of this prosecution. Until those co-defendants are produced before the Court and their status is resolved, the parties are unable to fully assess the scope of the anticipated proceedings, including issues relating to coordinated discovery, scheduling, potential severance, witness presentation, evidentiary matters, and overall trial management. A brief continuance will allow the case to proceed in a more orderly and efficient manner while avoiding unnecessary duplication of proceedings or inconsistent litigation of issues arising from the same Indictment.

6. Undersigned counsel respectfully submits that additional time is reasonably necessary to complete a thorough review of the discovery already produced, evaluate any supplemental discovery anticipated from the Government, meet extensively with their respective clients regarding that evidence, and fully investigate the legal and factual issues presented by this prosecution. Given the seriousness of the charges and the potential sentencing consequences, counsel cannot responsibly advise their clients regarding pretrial litigation,

plea negotiations, or trial strategy without sufficient opportunity to complete that review. The requested continuance is therefore sought not for purposes of delay, but to ensure the effective assistance of counsel and the fair administration of justice.

7. In addition, defense investigator, Isaac Rodriguez, requires additional time to conduct a complete and independent investigation, including reviewing the discovery materials, identifying, and interviewing potential witnesses, evaluating investigative leads, and reporting his findings to counsel. Completion of that investigation is essential to counsel's ability to make informed strategic decisions, evaluate potential motions, prepare for trial if necessary, and provide constitutionally effective representation. The requested continuance will permit that investigation to be completed in a diligent and meaningful manner.

8. The undersigned's office has conferred with Assistant United States Attorney, Lynn Kirkpatrick, who indicated that the Government has no objection to a second requested continuance of this matter at this juncture.

9. This is the second time that this matter has been scheduled for trial.

10. Undersigned counsel is involved in ongoing discussions with Assistant United States Attorney, Lynn Kirkpatrick, regarding a potential resolution of this matter.

11. In addition, undersigned counsel's office conferred with co-defendant, Gianky Nunez's attorney, David Donet, who joins this request for a continuance based upon the same factors.

**LAW REGARDING REQUESTS FOR CONTINUANCES**

12. This Court is authorized under 18 U.S.C. § 3161 (h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interests of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible or result in a miscarriage of justice." 18 U.S.C. §3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. §3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the Defendant…the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the District Court considered the proper factors at the time such a continuance was granted." *United States v. Toombs,* 574 F.3d 1262, 1269 (10th Cir. 2009), (quoting *United States v. Gonzales,* 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See Id.* at 1271. Simply stating, the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See Id.* at 1271-72.

13. In *United States v. West,* 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a

4

continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

14. Defense counsels' request for a continuance satisfies the criteria in 18 U.S.C. §3161(h)(7). In equity, counsel is seeking additional time to further review the discovery submission and any forthcoming/additional discovery with the Defendant and the Investigator. Additional time is necessary because discovery likely remains ongoing, counsel cannot complete an informed evaluation until the anticipated supplemental discovery is produced, and the unresolved status of the two foreign co-defendants affects the defense's ability to fully assess the scope of litigation.

15. The ends of justice served by this requested delay outweigh the best interest of the public and the Defendants in a speedy trial. Only after a thorough evaluation of all evidence and completion of any investigation can counsel fully advise their clients as to their rights, options, and potential strategies. The Defendants have constitutional rights to effective assistance of counsel, meaningful advice concerning plea negotiations, pretrial motions, trial strategy, sentencing exposure, and joint defense considerations cannot responsibly be provided until counsel completes the investigation and

discovery review. Further, counsel needs to diligently assess the full discovery to adequately advise their clients as to their potential sentencing range in this case, pre-trial motions, or formalize any potential plea agreement, or trial preparation.

16. Defense counsels' request for a continuance also satisfies the factors in *United States v. West.*

17. First, counsel for the Defendants have been diligent in reviewing the discovery that has been provided, conferring with the Government, communicating with clients, organizing evidence, coordinating, and consulting with the investigator, and preparing for additional discovery. Further, counsel has been in regular contact with the Government to procure the additional discovery and discuss the case, possible resolution, applicable guidelines, mitigation, and the need for this motion.

18. Second, it is likely this continuance will accomplish the underlying purpose of this request. Excluding sixty (60) days from the Speedy Trial Act will allow defense counsel to fully complete the review of discovery, evaluate the discovery for potential pre-trial motion issues, allow the investigator to complete his investigation, consult with the Defendants regarding their legal options, and further engage in plea discussions with the Government. At this juncture, there is no "inconvenience" to any party or the Court that would outweigh the requested relief.

19. The final *West* factor is the need asserted for the continuance and the harm that the Defendants might suffer as a result of a denial and consideration of

any inconvenience to opposing counsel, witnesses, and the Court that a continuance may cause. The need for continuance is described throughout this motion. Denial of the requested continuance would substantially impair counsel's ability to discharge their constitutional obligations. Counsel would be required to make critical strategic decisions, advise the Defendants regarding plea negotiations and sentencing exposure, determine the necessity of pretrial litigation, and prepare for trial without the benefit of complete discovery, a completed factual investigation, and resolution of procedural issues created by the absence of two indicted co-defendants who remain outside the jurisdiction of this Court. Such circumstances would undermine the Defendants' Sixth Amendment right to the effective assistance of counsel and would substantially increase the likelihood of unnecessary litigation, duplication of effort, and inefficient use of judicial resources. Under these circumstances, the requested continuance serves the ends of justice contemplated by 18 U.S.C. § 3161(h)(7).

20. Granting the modest sixty (60) day continuance serves the interests of justice while protecting the defendants' Sixth Amendment rights. Absent the requested continuance the defense will be unable to adequately prepare the case, conduct a complete investigation, effectively advise the Defendants, or file appropriate motions (if necessary). Without the exclusion of a period of time from the speedy trial calculations, counsel will be unable to provide effective assistance of counsel and the Defendants' rights to be effectively represented in these proceedings will be seriously damaged. Such a situation

would be a miscarriage of justice. Undersigned has discussed this motion with Mr. Donet and AUSA Lynn Fitzpatrick, and she indicated that the Government does not have an objection to a continuance.

21. This request is made in good faith and not for the purpose of mere delay.

22. The Defendants have been advised of their rights to a speedy trial and hereby, by and through undersigned counsel, waive same, and further, the Defendants do not oppose this request.

23. The requested continuance is modest, jointly requested, and supported by good cause. It will allow counsel to complete the work necessary to provide constitutionally effective representation while promoting the orderly administration of justice. The Government does not oppose the requested relief, and the requested exclusion of time is appropriate under the Speedy Trial Act because the ends of justice served by the continuance substantially outweigh the interests of the public and the Defendants in proceeding to trial on the currently scheduled date.

WHEREFORE, Defendants, YURI ANTONIO MEDINA, and GIANKY NUNEZ, by and through counsel, respectfully moves this Honorable Court for an entry of an Order continuing the Calendar Call scheduled for August 4, 2026, and Trial on August 10, 2026, and requests that this matter be rescheduled for at least sixty (60) days.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished electronically by using the CM/ECF system on this 22nd day of July 2026 to all persons entitled to electronic notice in this case.

Respectfully submitted,

RICHARD A. MERLINO, P.A.
*Counsel for Defendant, Medina*
1212 East Broward Boulevard
Suite 300
Fort Lauderdale, Florida 33301
Telephone: 954-467-8989
E-Mail:  richmerlinoesq@gmail.com

By:  */s/ Richard A. Merlino*
　　　Richard A. Merlino
　　　Florida Bar: 0977640

DAVID A. DONET, JR.
*Counsel for Defendant, Nunez*
100 Almeria Avenue
Suite 230
Coral Gables, Florida 33134
Telephone: (305) 444-0030
E-Mail: donet@dmtlaw.com

By:　　　*/s/ David A. Donet, Jr.*
　　　　　David A. Donet, Jr.
　　　　　Florida Bar: 128910